**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

THOMAS KIRSCHLING,

Plaintiff,

v.

ATLANTIC CITY BOARD OF EDUCATION,

Defendant.

Civ. No. 11-4479 (NLH/JS)

**OPINION**

**APPEARANCES:**

Robert P. Merenich, Esquire
Gemmel, Todd & Merenich, P.A.
767 Shore Road
P.O. Box 296
Linwood, New Jersey 08221

*Attorney for Plaintiff*

Cynthia E. Ringel, Esquire
Erin Leigh Henderson, Esquire
Peter P. Perla, Esquire
Jasinsky, P.C.
60 Park Place, 8th Floor
Newark, New Jersey 07102

*Attorneys for Defendant*

**HILLMAN, District Judge:**

This matter comes before the Court by way of motion [Doc. No. 71] of Plaintiff, Thomas Kirschling, seeking to seal pursuant to Local Civil Rule 5.3 the exhibits submitted by Plaintiff in opposition to Defendant’s motion for summary judgment. The Court has reviewed Plaintiff’s submission, no

opposition thereto having been filed, and decides this matter pursuant to Federal Rule of Civil Procedure 78.

For the reasons expressed below, Plaintiff's motion will be denied without prejudice.

## I. BACKGROUND

Plaintiff filed this action against Defendant, Atlantic City Board of Education, asserting claims under the New Jersey Law Against Discrimination, N.J. Stat. Ann. § 10:5-1, et seq.. On July 31, 2013, Defendant filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff submitted to the Court opposition to the summary judgment motion, but he did not file the documents on the Court's Electronic Case Filing system. The Court directed Plaintiff's counsel to file his response electronically, at which time Plaintiff filed the documents under seal along with the motion to seal presently before the Court.[1]

In support of the motion to seal, Plaintiff submits a certification of counsel in which counsel states that the exhibits contain personal information such as birth dates, social security numbers, salary and promotion negotiations and decisions, and health information. (Cert. of Robert P. Merenich in Supp. of Mot. to Seal (hereafter, "Merenich Cert.") ¶ 4.)

[1] The Court granted Defendant's motion for summary judgment by Opinion and Order dated March 31, 2014.

Counsel further represents that the exhibits contain certain documents that were marked "confidential" by Defendant. (Id. at ¶ 5.) Counsel also states that the deposition transcripts submitted in connection with the summary judgment motion contain references and discussions of personnel and purportedly confidential documents. (Id. at ¶ 6.) Additionally, according to Plaintiff's counsel, a redacted copy of the brief in opposition to Defendant's motion for summary judgment has been submitted. (Id. at ¶ 3.) Plaintiff asserts in a letter brief filed with the motion to seal that the confidential information contained in the exhibits is so pervasive that redaction is impracticable and would compromise the meaning of the documents. (Letter Br. of Robert P. Merenich, Esq., 1, Mar. 31, 2014.) Defendant purportedly consents to the sealing of the exhibits. (Merenich Cert. ¶ 2.)

**II. STANDARD FOR MOTIONS TO SEAL**

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves. The rule provides that in order to place a docket entry under seal, the motion to seal must be publicly filed and "shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would

result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c)(2). The party moving to seal must submit a proposed order that contains proposed findings of fact and conclusions of law. Id.

**III. DISCUSSION**

As a threshold matter, the Court must determine whether it has jurisdiction to adjudicate Plaintiff's motion to seal in light of Plaintiff's filing of a Notice of Appeal to the United States Court of Appeals for the Third Circuit in connection with the March 31, 2014 Order granting summary judgment in favor of Defendant.

Generally, the filing of a notice of appeal is an "event of jurisdictional significance" because it "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)(per curiam). The district court, however, "retains jurisdiction, for example, to issue orders staying, modifying or granting injunctions, to direct the filing of supersedeas bonds, and to issue orders affecting the record on appeal, the granting of bail and matters of a similar nature." Mary Ann Pensiero, Inc. v. Lingle, 847 F.2d 90, 97 (3d

Cir. 1988) (citing Venen v. Sweet, 758 F.2d 117, 120 n.2 (3d Cir. 1985) and Fed. R. App. P. 7, 8, 9, 10, 11).

The purpose of the divestiture rule is to "prevent the confusion and inefficiency that would result if both the district court and the court of appeals were adjudicating the same issues simultaneously." Id. Because this rule is a judge-made doctrine, rather than a statutory creation, founded upon prudential considerations, the Third Circuit has recognized that "the rule should not be applied when to do so would defeat its purpose of achieving judicial economy." Pensiero, 847 F.2d at 97 (citing Venen, 758 F.2d at 121).

In this case, the sealing of the exhibits submitted in opposition to Defendant's motion for summary judgment is not designated as an issue for appeal to the Third Circuit. The sealing of exhibits is a collateral issue that does not implicate the merits of the issues before the Third Circuit. Thus, there is no chance that two courts would be considering the same issue simultaneously. Under these circumstances, the Court is persuaded that the prudential concern of promoting judicial efficiency weighs in favor of employing an exception to the divestiture rule. Accordingly, the Court retains jurisdiction to decide the present motion to seal.

In considering the merits of Plaintiff's motion, the Court's analysis is impeded by the lack of detail in the moving

papers concerning the documents at issue. Furthermore, Plaintiff did not submit a proposed order containing proposed findings of fact and conclusions of law as required by Local Civil Rule 5.3(c)(2). Plaintiff seeks to seal a certification of counsel with forty-one exhibits attached thereto, as well as eleven additional exhibits. In total, the exhibits contain over five hundred pages.

The Court has reviewed the documents Plaintiff seeks to seal and concludes that Plaintiff fails to meet his burden of establishing that sealing is warranted at this time. As an initial matter, the Court notes that while litigants have an interest in privacy, the public also has a right to obtain information about judicial proceedings. Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1995). In order to rebut the presumption of public access, the party seeking confidentiality must demonstrate "good cause" by establishing that disclosure will cause a "'clearly defined and serious injury to the party seeking closure.'" Id. (quoting Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984)). "'Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning,' do not support a good cause showing." Id. (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986), cert. denied, 484 U.S. 976, 108 S. Ct. 487, 98 L. Ed. 2d 485 (1987)).

Plaintiff does not address what serious injury he or others will suffer if the documents submitted in opposition to the summary judgment motion are not sealed. As such, Plaintiff fails to make a particularized showing, or any showing for that matter, that injury will occur if the exhibits are publicly accessible, as required by Local Civil Rule 5.3(c)(2)(c). Plaintiff consequently does not demonstrate good cause to seal the documents.

Additionally, Plaintiff fails to demonstrate that less restrictive alternatives are not available, as required by Local Civil Rule 5.3(c)(2)(d). Plaintiff generally states that confidential information is interspersed throughout the exhibits, such that redaction would be impractical, but the Court disagrees. While some of the exhibits may contain personal or confidential information, not all of the documents submitted meet the standards for sealing set forth in Local Civil Rule 5.3. For instance, some of the exhibits are already publicly available, such as articles from the Press of Atlantic City and deposition transcripts that were also filed on the public docket by Defendant in support of the summary judgment motion.[2] Some of the exhibits that Plaintiff seeks to seal were

---

[2] Defendant, for example, filed select pages from Plaintiff's deposition of May 13, 2013, as Exhibit B to the Certification of Peter P. Perla, Esq. in Support of Defendant's Motion for Summary Judgment ("Perla Certification"). Plaintiff has filed

designated as "Confidential" by Defendant, but such designation does not per se support sealing because Defendant, in support of its summary judgment motion, filed several documents it had marked "Confidential" without seeking to seal those documents. Moreover, even if some of the exhibits meet the requirements for sealing under Local Civil Rule 5.3, Plaintiff cannot use the confidential nature of some documents to support a blanket assertion of confidentiality over every exhibit submitted to the Court.

In light of the foregoing, Plaintiff's motion to seal will be denied without prejudice. Plaintiff must inspect the exhibits submitted in opposition to the summary judgment motion and determine whether the factors set forth in Local Civil Rule 5.3(c)(2) warrant sealing of each individual exhibit. To the extent a document does not meet the requirements of Local Civil Rule 5.3, Plaintiff shall file on the docket a publicly accessible version of the exhibit. To the extent a document may be redacted without compromising its meaning, Plaintiff shall file on the docket a publicly accessible redacted version of the exhibit. Finally, to the extent an individual exhibit contains so much

the complete transcript and seeks to seal the document in its entirety, even though numerous pages from the transcript are already publicly available. Similarly, Plaintiff seeks to seal the entire transcript from the deposition of Fredrick P. Nickles of May 7, 2013, even though select pages are available publicly as Exhibit F to the Perla Certification.

confidential information that redaction would not be feasible or would compromise the meaning of the document, Plaintiff may file a renewed motion to seal that complies with Local Civil Rule 5.3(c). The motion must include a proposed order setting forth Findings of Fact and Conclusions of Law. See L. Civ. R. 5.3(c)(2). Plaintiff shall complete this review and file the exhibits, as well as a motion to seal to the extent such motion is appropriate, within fourteen days of entry of the Order accompanying this Opinion. If, within the prescribed time, Plaintiff fails to comply with this directive, the Court will unseal the documents filed by Plaintiff in opposition to Defendant's motion for summary judgment.

An appropriate Order will be entered.

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

Date: October 16, 2014

At Camden, New Jersey